UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C. and NAGRASTAR LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ONE BOX TV, LLC and DONNA FOGLE,<br><br>Defendants. | Case No. _____ |

## PLAINTIFFS' COMPLAINT

Plaintiffs DISH Network L.L.C. ("DISH") and NagraStar LLC ("NagraStar") file this suit against Defendants One Box TV, LLC and Donna Fogle ("Fogle") for violations of the Federal Communications Act ("FCA"), 47 U.S.C. § 605.

## NATURE OF THE ACTION

1. DISH is the fourth largest pay-television provider in the United States and delivers programming to millions of subscribers nationwide using its direct broadcast satellite system and security technology provided by NagraStar. Defendants have been operating an illicit streaming service originally known as OneBoxTV and are more recently called OneBoxLive (collectively, "OneBox"), whereby Defendants or persons working in concert or participation with them acquire DISH's satellite transmissions of television programming and then retransmit that programming without authorization to customers of their OneBox service (the "Rebroadcasting Scheme").

## PARTIES

2. Plaintiff DISH Network L.L.C. is a Colorado limited liability company having its principal place of business located at 9601 South Meridian Blvd., Englewood, Colorado 80112.

1

3. Plaintiff NagraStar LLC is a Colorado limited liability company having its principal place of business located at 90 Inverness Circle East, Englewood, Colorado 80112.

4. Defendant One Box TV, LLC is a Florida limited liability company that identifies its principal place of business as 1707 1st Street #30, Bradenton, Florida 34208, which is a booth located at the Red Barn Flea Market.

5. Defendant Donna Fogle is an individual believed to reside at 5633 Lexington Drive, Parrish, Florida, 34219. Fogle is the sole manager of One Box TV, LLC.

6. Upon information and belief, Fogle oversees the day-to-day operations of One Box TV, LLC and makes the final decisions concerning the business of One Box TV, LLC. Fogle is believed to authorize, control, participate in, and have a direct financial interest in the infringing activities of One Box TV, LLC that are alleged herein. Upon information and belief, the infringing acts that Fogle engaged in as an agent of One Box TV, LLC were within the scope of that agency. Fogle and One Box TV, LLC are collectively referred to in this complaint as "Defendants."

## JURISDICTION AND VENUE

7. Plaintiffs assert claims under 47 U.S.C. §§ 605(a) and (e)(4). The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

8. Defendants are subject to personal jurisdiction in this Court pursuant to Fed. R. Civ. P. 4(k)(1)(A) because Defendants reside in Florida and, through the Rebroadcasting Scheme, have purposefully directed their conduct toward and purposefully availed themselves of the privilege of conducting business in Florida, causing injury to Plaintiffs in Florida.

9. Venue is proper in this Court under 28 U.S.C. § 1391 because Defendants reside in this judicial district and a substantial part of the events giving rise to Plaintiffs' claims occurred in this judicial district.

## DISH'S SATELLITE TELEVISION PROGRAMMING

10. DISH uses high-powered satellites to broadcast television programming to millions of subscribers in the United States that pay DISH a subscription fee to receive such programming, or in the case of a pay-per-view program, the purchase price. NagraStar provides smart cards and other proprietary security technologies that form a conditional access system used to authorize the subscribers' receipt of DISH's satellite communications of television programming.

11. DISH contracts for and purchases the right to broadcast the television programming shown on its platform from networks, motion picture distributors, pay and specialty broadcasters, sports leagues, and other rights holders. DISH's subscribers enjoy access to hundreds of channels, including movies, sports, and general entertainment services ("DISH Programming").

12. DISH Programming is scrambled prior to being transmitted to a number of satellites located in geo-synchronous orbit above Earth. The satellites relay the encrypted DISH signal back to Earth where it can be received by DISH subscribers having the necessary equipment, including a DISH satellite receiver and NagraStar smart card. The receiver and smart card convert DISH's encrypted satellite communication into viewable DISH Programming that can be displayed on the attached television of an authorized DISH subscriber.

## DEFENDANTS' REBROADCASTING SCHEME

13. The Rebroadcasting Scheme is based on the unauthorized retransmission of DISH Programming to customers of the OneBox streaming service. The DISH Programming distributed on the OneBox service was received from DISH's satellite communications without authorization from DISH. During testing of the OneBox service, encoded messages incorporated into DISH's satellite communications of the Willow Cricket channel, for example, were detected on the Willow

Cricket channel retransmitted to customers of the OneBox service, thereby confirming this content originated from DISH's satellite communications.

14. Defendants profit from the Rebroadcasting Scheme through the sale of codes (the "Device Codes") that are designed and produced for purposes of enabling customers to access the servers used to retransmit programming on the OneBox service, including the DISH Programming. A valid Device Code is required to receive DISH Programming on the OneBox service. Device Codes retail for approximately $19 per month of access to the OneBox service, which includes connections for two internet-enabled devices (set-top boxes, televisions, phones, etc.). Defendants also sell a OneBox-branded set-top box configured with a Device Code for approximately $275.

15. Defendants sell Device Codes from their booth at the Red Barn Flea Market and through their website located at http://oneboxlive.com. Upon information and belief, Defendants also have been selling OneBox set-top boxes configured with Device Codes at these locations, as well as through their second website located at http://oneboxtv.com.

16. Defendants market the OneBox service through in-booth advertising as a means to "Reduce [the] Cable TV bill" with "Average savings [of] $1,200/Year." Defendants advertise that their OneBox service provides "Unlimited Premium Channels, Sports [and] Movies." Defendants also tout the availability of "Sports Channels" and "Live Sporting Events" when promoting their OneBox service at http://oneboxlive.com and http://oneboxtv.com.

17. Upon information and belief, Defendants directly engage in, aid and abet, or act in the scope of a principal-agent relationship with other persons that are receiving and retransmitting DISH Programming as part of the Rebroadcasting Scheme. Defendants informed their customers on http://oneboxtv.com that "[w]e have installed and programmed the most popular channels for you." Defendants provided their customers with real-time status updates of the OneBox streaming

servers on http://oneboxlive.com. Defendants acknowledged their ability to remove channels from the OneBox service during a pre-suit discussion with Plaintiffs.

### CLAIMS FOR RELIEF

### COUNT I
### Violations of the Federal Communications Act, 47 U.S.C. § 605(a)
### By DISH Against Defendants

18. DISH repeats and incorporates the allegations in paragraphs 1-17 above.

19. Defendants divulged, used, and assisted others to receive DISH Programming that originated from DISH's satellite communications through the Rebroadcasting Scheme, without the authorization of DISH and for the benefit of Defendants and users of the OneBox service that were not entitled to receive such DISH Programming, in violation of 47 U.S.C. § 605(a).

20. Defendants' sale of Device Codes assisted users of the OneBox service to receive DISH Programming, without the authorization of DISH and for the benefit of Defendants and users of the OneBox service that were not entitled to receive such DISH Programming, in violation of 47 U.S.C. § 605(a).

21. Defendants violated 47 U.S.C. § 605(a) willfully and for commercial advantage and private financial gain.

22. Defendants were aware or had reason to believe that their actions violated 47 U.S.C. § 605(a). Such violations have caused damage to DISH in an amount to be proven at trial. Unless restrained and enjoined, Defendants will continue to violate 47 U.S.C. § 605(a).

### COUNT II
### Violations of the Federal Communications Act, 47 U.S.C. § 605(e)(4)
### By All Plaintiffs Against Defendants

23. Plaintiffs repeat and incorporate the allegations in paragraphs 1-17 above.

24.     Defendants sell and distribute Device Codes for purposes of divulging, using, and assisting others to receive DISH Programming originating from DISH's satellite communications as part of the Rebroadcasting Scheme, in violation of 47 U.S.C. § 605(e)(4).  Defendants intended for Device Codes to be used in divulging and receiving DISH Programming, without authorization from DISH and for the benefit of Defendants and users of the OneBox service that were not entitled to receive such DISH Programming, which is activity proscribed by 47 U.S.C. § 605(a).

25.     Defendants violated 47 U.S.C. § 605(e)(4) willfully and for commercial advantage and private financial gain.

26.     Defendants were aware or had reason to believe that their actions violated 47 U.S.C. § 605(e)(4).  Such violations caused damage to DISH in an amount to be proven at trial.  Unless restrained and enjoined, Defendants will continue to violate 47 U.S.C. § 605(e)(4).

## PRAYER FOR RELIEF

Plaintiffs request a judgment against Defendants as follows:

A.     For a permanent injunction under 47 U.S.C. § 605(e)(3)(B)(i) and Fed. R. Civ. P. 65 that prohibits Defendants, and any officer, agent, servant, employee, or other person acting in active concert or participation with any of them that receives actual notice of the order, from:

1.     Conducting the Rebroadcasting Scheme, or otherwise receiving or assisting others in receiving DISH's satellite communications of television programming or the content of such communications without authorization from DISH;

2.     Selling or distributing Device Codes, or any other device or equipment that is intended for receiving or assisting others in receiving DISH's satellite communications of television programming or the content of such communications;

B. For an order allowing Plaintiffs to take possession of and destroy all Device Codes and any other devices or equipment in the possession, custody, or control of Defendants that the Court believes were involved in a violation of the FCA, pursuant to 47 U.S.C. § 605(e)(3)(B)(i);

C. For an order directing Defendants to preserve and turn over to Plaintiffs all hard copy and electronic records regarding persons involved in the Rebroadcasting Scheme;

D. Award DISH the greater of (1) its actual damages together with Defendants' profits that are attributable to the violations identified in Count I, or (2) statutory damages up to $10,000 for each violation of 47 U.S.C. § 605(a), pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(I)-(II). In either scenario, the damages should be increased by $100,000 for each violation, in accordance with 47 U.S.C. § 605(e)(3)(C)(ii);

E. Award Plaintiffs the greater of (1) their actual damages together with Defendants' profits that are attributable to the violations identified in Count II, or (2) statutory damages up to $100,000 for each violation of 47 U.S.C. § 605(e)(4), pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(I)-(II);

F. Award Plaintiffs their attorney's fees and costs under 47 U.S.C. § 605(e)(3)(B)(iii);

G. For a complete and accurate accounting of all profits and other benefits received by Defendants as a result of the wrongful conduct identified in this complaint;

H. For pre and post-judgment interest on all damages awarded by the Court, from the earliest date permitted by law at the maximum rate permitted by law; and

I. For such additional relief as the Court deems just and equitable.

Respectfully submitted,

/s/ James A Boatman, Jr.
James A. Boatman, Jr.
Florida Bar No. 0130184
THE BOATMAN LAW FIRM PA

        3021 Airport-Pulling Road North, Suite 202
Naples, Florida 34105
Telephone:  (239) 330-1494
Email:  jab@boatman-law.com

Attorney for Plaintiffs DISH Network L.L.C.
and NagraStar LLC