UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C. and NAGRASTAR LLC,<br><br>  Plaintiffs,<br><br>v.<br><br>ONE BOX TV, LLC and DONNA FOGLE,<br><br>  Defendants. | Case No. 8:19-cv-2147-T-30SPF |

**PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT DAMAGES DISCOVERY**

Plaintiffs DISH Network L.L.C. and NagraStar LLC move for leave to conduct discovery for the purpose of establishing damages in their forthcoming motion for default judgment against Defendants One Box TV, LLC and Donna Fogle. Defendants are in default due to their failure to participate in the case, and therefore DISH's only viable means of obtaining this damages evidence is to subpoena the payment processors and financial institutions that Defendants used to facilitate their illegal activities.

**I.      FACTUAL BACKGROUND**

DISH is the fourth largest pay-television provider in the United States and serves millions of subscribers nationwide by delivering programming to their homes or businesses using its direct broadcast satellite system and security technology provided by co-plaintiff NagraStar. (Compl. ¶¶ 10-12.) Defendant Fogle, through her company Defendant One Box TV, LLC, operates an illicit streaming service called One Box, wherein television programming that originates from DISH's satellite communications is captured and retransmitted to Defendants' customers without DISH's authorization (the "Rebroadcasting Scheme"). (*Id.* ¶¶ 1, 13-17.)

1

Defendants profit from the Rebroadcasting Scheme by selling codes that customers use in connection with a set-top box or other internet-enabled device to access the servers that retransmit DISH Programming on their One Box service (the "Device Codes"). (*Id.* ¶¶ 14-15.) Defendants sell Device Codes for approximately $19 per month of access to the One Box service, and also sell a set-top box pre-configured with a Device Code for approximately $275. (*Id.* ¶ 14.) Defendants accepted payment for these Device Codes in person at their storefront and on their websites using payment processing services provided by PayPal, Stripe, and Authorize.net. (Declaration of Kevin McMonnies ¶ 2, Exs. 1-3.)

Defendants' unauthorized retransmission of DISH Programming via the One Box service and corresponding sale of Device Codes violates the Federal Communications Act, 47 U.S.C. §§ 605(a), (e)(4) ("FCA"). (Compl. ¶¶ 18-26.)[1] Defendants failed to respond to Plaintiffs' complaint and thus the Clerk entered their defaults on September 27, 2019. (Dkts. 10-11.) Plaintiffs intend to move for default judgment and request statutory damages based on the number of Device Codes that Defendants sold, as authorized by the FCA. Plaintiffs first, however, require limited discovery from Defendants' payment processors and financial institutions to calculate their damages.

## II.     ARGUMENT

### A.     The Court May Permit Damages-Related Discovery For Good Cause

Discovery may be conducted prior to the Rule 26(f) conference if authorized by court order. Fed. R. Civ. P. 26(d)(1). Expedited discovery is proper on a showing of "good cause." *See, e.g., United States v. Gachette*, No. 6:14-CV-1539-ORL-37, 2014 WL 5518669, at *1 (M.D. Fla. Sept.

---

[1] *See DISH Network L.L.C. v. SET Broadcast LLC*, No. 8:18-cv-01334-VMC-AAS, Dkts. 15, 63 (M.D. Fla. June 4, 2018) (granting temporary restraining order and preliminary injunction in analogous case involving SetTV streaming service); *DISH Network L.L.C. v. Droid Tech. LLC*, No. 8:19-cv-672-WFJ-AEP, Dkts. 7, 21 (M.D. Fla. April 8, 2019) (entering temporary restraining order and preliminary injunction in similar case involving Simply TV service).

26, 2014). "Good cause for expedited discovery is frequently found in cases where a defendant has failed to appear, resulting in the entry of default against the defendant, and the plaintiff requires evidence to establish damages." *Obeidallah v. Anglin*, No. 2:17-cv-720, 2019 WL 2281489, at *3 (S.D. Ohio May 29, 2019) (citing cases); *see also Miller v. Paradise of Port Richey, Inc.,* 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999) (*"*Liability, if well-pleaded, is established by virtue of a default. … [A]llegations relating to the amount of damages are not admitted by virtue of default.") (citing, *inter alia*, *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987)).

**B.    Good Cause Exists For Limited Discovery To Establish Plaintiffs' Damages**

Plaintiffs assert claims under section 605(a) and 605(e)(4) of the FCA.  (Compl. ¶¶ 18-26.) Plaintiffs "may recover an award of statutory damages for each violation of [section 605(a)] … in a sum of not less than $1,000 or more than $10,000 per violation." 47 U.S.C. § 605(e)(3)(C)(i)(II). "[F]or each violation of [section 605(e)(4)] … an aggrieved party may recover statutory damages in a sum not less than $10,000, or more than $100,000" as the court considers just." *Id.* "Each … device shall be deemed a separate violation." *Id.* § 605(e)(4); *DISH Network L.L.C. v. Whitehead*, No. 3:09-cv-532-J-32JRK, 2011 WL 6181732, at *5 (M.D. Fla. Dec. 13, 2011) ("Section 605(e)(4) is violated by each distribution of a piracy device.").

Plaintiffs are unaware of the number of Device Codes sold by Defendants, as necessary to calculate Plaintiffs' statutory damages for Defendants' violations of section 605.  Only Defendants and their payment processors (in the case of credit card transactions) and financial institutions (for cash deposits and payments by check) are able to provide the required information.  Defendants, however, refuse to participate in this case, which resulted in entry of their defaults.  Accordingly, there is good cause to grant Plaintiffs leave to serve subpoenas on Defendants' payment processors and financial institutions to obtain information that will enable Plaintiffs to quantify the number

of Device Codes sold by Defendants.  *See Obeidallah*, 2019 WL 2281489, at *3 (collecting cases that have authorized expedited third-party discovery to calculate damages against a defendant that failed to participate and was in default); *see also Leo v. Classmoney.net*, No. 18-CV-80813, 2019 WL 238548, at *2 (S.D. Fla. Jan. 10, 2019) (granting motion for leave to conduct discovery on the issue of damages where defendant was in default); *Island Fund Mgmt., Inc. v. RWS, Inc.*, No. 18-21065-CIV, 2019 WL 1466707, at *1 (S.D. Fla. Feb. 11, 2019) (referencing prior order allowing discovery for purposes of establishing entitlement to relief in motion for default judgment).

### III.   CONCLUSION

Plaintiffs should be granted leave to serve discovery on Defendants' payment processors and financial institutions for purposes of establishing damages in Plaintiffs' upcoming motion for default judgment.  Defendants, although in default, are being served with a copy of this motion.

Dated:  September 30, 2019

                                          Respectfully submitted,

                                          /s/ James A Boatman, Jr.
                                          James A. Boatman, Jr.
                                          Florida Bar No. 0130184
                                          THE BOATMAN LAW FIRM PA
                                          3021 Airport-Pulling Road North, Suite 202
                                          Naples, Florida 34105
                                          Telephone:  (239) 330-1494
                                          Email:  jab@boatman-law.com

                                          Attorney for Plaintiffs DISH Network L.L.C.
                                          and NagraStar LLC

**CERTIFICATE OF SERVICE**

    I certify that on September 30, 2019, I electronically filed Plaintiffs' Motion for Leave to Conduct Damages Discovery and the supporting declaration of Kevin McMonnies and its exhibits with the Court using the CM/ECF system.  I sent a copy of the documents by United States mail, return receipt requested, on that same day to the following:

Donna Fogle
5633 Lexington Drive
Parrish, Florida 34219

One Box TV, LLC
c/o Robert Shindler
2429 Manatee Avenue E, #2
Bradenton, Florida 34208

                                               /s/ James A Boatman, Jr.
                                               James A. Boatman, Jr.