**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

DISH NETWORK L.L.C. and
NAGRASTAR LLC,

    Plaintiffs,

v.                                                           Case No: 8:19-cv-2147-T-30SPF

ONE BOX TV, LLC and DONNA
FOGLE,

    Defendants.

_____

**ORDER**

THIS CAUSE comes before the Court on Plaintiffs Dish Network L.L.C. and NagraStar LLC's Motion for Default Judgment (Doc. 16). Having reviewed the Motion, exhibits, and the law, the Court concludes the Motion should be granted.

**DISCUSSION**

A defendant who defaults is deemed to have admitted all well-pleaded allegations of fact in a complaint. *See Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). As a result, a court may enter a default judgment against a party who has failed to respond to a complaint, assuming the complaint provides a sufficient basis for the judgment entered. Fed. R. Civ. P. 55; *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1245 (11th Cir. 2015) (internal citation omitted). Likewise, a court may award damages pursuant to a default judgment if those damages are adequately supported by the record. *See Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538,

1544 (11th Cir. 1985) (internal citations omitted). The court may award damages without a hearing if the amount claimed is a liquidated sum or one capable of mathematical calculation. *Id.* at 1543 (internal citation omitted). Here, the Court concludes an award of damages and a permanent injunction are warranted.

Dish is a television provider who provides service to subscribers using direct broadcast satellite system and security technology provided by NagraStar. Dish and NagraStar (collectively, "Dish") sued One Box TV, LLC and its owner, Donna Fogle (collectively, "OneBox"), for selling device codes and equipment to non-Dish customers so they could access Dish's programming. OneBox defaulted. (Docs. 10–11).

Dish alleges OneBox's actions violate the Federal Communications Act, specifically, 47 U.S.C. §§ 605(a), (e)(4). Section 605(a) provides for statutory damages of $1,000 – $10,000 per violation, and § 605(e)(4) provides for statutory damages of $10,000 – $100,000 for each violation. 47 U.S.C. § 605(e)(3)(C)(i)(II); *Dish Network L.L.C. v. Whitehead*, No. 3:09-CV-532-J-32JRK, 2011 WL 6181732, at *5 (M.D. Fla. Dec. 13, 2011) ("Section 605(e)(4) is violated by each distribution of a piracy device."). The subsections also allow plaintiffs to request a permanent injunction. § 605(e)(3)(B)(i).

After OneBox defaulted, Dish requested permission to propound third-party discovery to financial institutions associated with OneBox so Dish could determine the number of device codes sold. As set forth in the affidavit of Kenneth McMonnies, the Director of Field Security and Investigations for NagraStar, Dish learned OneBox sold at least 3,805 device codes to non-Dish subscribers so they could access Dish's programming. (Doc. 16-1). Rather than requesting the statutory minimum of $10,000 per violation under

§ 605(e)(4), Dish is only seeking $1,000 per violation, for a total of $3,805,000 in statutory damages. Dish also seeks a permanent injunction.

Having reviewed the record evidence, the Court concludes OneBox is liable for violating the Federal Communications Act. Dish has shown OneBox violated the Act at least 3,805 times, entitling Dish to the $3,805,000 it seeks in statutory damages. And Dish proved entitlement to a permanent injunction against OneBox by demonstrating irreparable harm and that there is no adequate remedy at law. *Angel Flight of Ga., Inc. v. Angel Flight Am., Inc.*, 522 F.3d 1200, 1208 (11th Cir. 2008) (citing *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)). Further, the balance of hardships supports a permanent injunction, and the public interest will not be disserved by a permanent injunction. *Id.*

Accordingly, it is ORDERED AND ADJUDGED that:

1. Plaintiffs Dish Network L.L.C. and NagraStar LLC's Motion for Default Judgment (Doc. 16) is GRANTED.

2. The Clerk is directed to enter a Final Default Judgment in favor of Plaintiffs Dish Network L.L.C. and NagraStar LLC, and against Defendants One Box TV, LLC and Donna Fogle, in the amount of $3,805,000.

3. Defendants Donna Fogle and One Box TV, LLC, including any officer, agent, servant, employee, or other person acting in active concert or participation with any of them that receives actual notice of the Order, are permanently enjoined from:

    a. Conducting the Rebroadcasting Scheme described in this action, or otherwise receiving or assisting others in receiving DISH's satellite

      communications of television programming or the content of such communications without authorization from DISH; and

    b. Selling or distributing Device Codes, or any other device or equipment that is intended for receiving or assisting others in receiving DISH's satellite communications of television programming or the content of such communications.

4. All pending motions are denied as moot.

5. The Clerk is directed to close this file.

**DONE** and **ORDERED** in Tampa, Florida, this 31st day of January, 2020.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record